# Leeds's Appeal.

1. The Act of March 31st 1843, sect. 2, requiring the sheriff to dismiss a deputy, &c., for taking illegal fees, has not been repealed, is constitutional and in furtherance of the Bill of Rights.

2. The relation between a sheriff and his deputy is civil and of known legal character.

3. An application under the Act of 1843, to require the sheriff to dismiss a deputy, is not a criminal proceeding against the sheriff for an offence, but in nature of a civil remedy.

4. There is no appeal from a decree of the Common Pleas on the merits, requiring the dismissal of a deputy sheriff.

January 7th 1874.   Before AGNEW, C. J., MERCUR and GORDON, JJ.   SHARSWOOD, J., at Nisi Prius.

Appeal from the Court of Common Pleas of *Philadelphia*, No. 182, to January Term 1872, by William R. Leeds, sheriff: In the matter of a decree requiring him to dismiss William H. Mooney, deputy sheriff.

The proceeding was under the second section of the Act of March 31st 1843, Pamph. L. 122, relative to the county of Philadelphia, by which it is enacted:—

"That if any deputy sheriff, bailiff, gaoler, or other officer employed by the high sheriff of the county of Philadelphia, shall take, demand or receive any fee or charge other or greater than that which is now allowed by law, it shall be the duty of the Court of Common Pleas of said county, on complaint being made, to grant a rule on said sheriff, to show cause why said deputy * * or other officer should not be dismissed from office; and if upon the return of said rule due notice be given to all parties interested, there be a default to appear and show cause, and the fact be shown to the satisfaction of the said court, it shall be the duty of the said court to make the same absolute, and to enforce obedience thereto by attachment: *Provided*, That nothing herein contained shall be construed to repeal any existing remedies or penalties for taking illegal fees: *And, provided*, That it shall not be lawful for the sheriff during the term of service to re-appoint any officer so as aforesaid dismissed."

[Leeds's Appeal.]

The proceeding was commenced September 14th 1871, by the petition of John G. Williams to the Court of Common Pleas, setting out:—

"That he is the defendant in the judgment obtained in the Court of Common Pleas for the sum of $196.69, on the 21st day of January, A. D. 1871, upon which an alias writ of fieri facias to March T., 1871, No. 283, was issued. That a levy upon his goods, at, &c., was made by deputy sheriff William Harvey Mooney; but before any sale could take place he went to the sheriff's office to pay the said claim. That the said deputy sheriff demanded the sum of $246, and he paid the same to one Robinson, who said he acted for the said Mooney, and received the receipt, a copy of which is hereto annexed. That the next day he called again at the sheriff's office and saw the said William Harvey Mooney and demanded a bill of items. The said Mooney stated that he had received the money and that a receipt had been given, which was sufficient. That your petitioner again demanded a bill of items, which was again refused. That your petitioner is informed and believes that the sum charged is greater than is allowed by law; and he respectfully refers to the laws of this Commonwealth in such cases made and provided, as evidence of the same. He, therefore, prays your Honorable Court to grant a rule upon William R. Leeds, sheriff of the city and county of Philadelphia, to show cause why he should not dismiss the said William Harvey Mooney, deputy sheriff, from his office, for taking illegal fees; returnable," &c.

Receipt mentioned in the petition:—

"CHARLES PERRY ⎱         C. C. P.
        v.        ⎰         Als. fi. fa.
JOHN G. WILLIAMS. ⎰  Mar. T., '71, No. 283.

"Received, Philadelphia, April 20th 1871, of the defendant, the debt, interest and costs on the above writ.
$246.                "WM. H. MOONEY, Dep. Sheriff,
                              "per J. B. ROBINSON."

Leeds filed the following answer and pleas: "That the second section of the act relative to the county of Philadelphia, approved March 31st 1843, on which said petition rests, is repealed by section 12 of 'An act to consolidate, revise and amend the penal laws of this Commonwealth, approved March 31st 1860; * * * that by section 27 of 'An act establishing a fee-bill,' approved March 28th 1814, it is enacted:—

"'That it shall and may be lawful for any person to refuse payment of fees to any officer who will not make out a bill of particulars as prescribed, signed by him if required; and also a receipt or discharge signed by him of the fees paid;' and that as said petitioner paid without any request for a bill of particulars,

and without the receipt of the deputy for the fees paid, this defendant cannot and ought not to be asked to dismiss said deputy.

"And the said William R. Leeds without waiving, &c., * * * for answer, saith, that he hath no knowledge of the matters therein stated; but as he is informed and believes the information to be true. That the fieri facias referred to in said petition was an alias writ; and that the amount of money collected and paid over to him, thereon was $221.41, being made up as follows, &c. * * *

"That he has requested and received a statement of facts to which said petition refers, from said Mooney, sworn to by him, and attaches the same as a part of his answer, as if made on information which he believes to be true."

Statement of Mooney, referred to in Leeds's answer:—

"The execution referred to in the petition of John G. Williams was an alias fi. fa. The original was to December 1870, 272, which had been stayed without the payment of costs. When the execution came into the office I was absent, having broken my arm. The writ was given to my assistant, J. B. Robinson, who settled the costs and charges. I did not receive the money from the petitioner, nor did I demand it. My assistant informs me that he did charge $25 for his services, and that he made this charge at the suggestion of a former deputy sheriff, under Mr. Lyle, he stating that it was usual. The sum of $246.41 was made as you have stated in your answer, adding the $25.

"I desire to say that as I receive nothing for my services, I have always felt an indulgence to the defendant, which does not harm the plaintiff, entitles me to something; but as the sum in this case is excepted to, I have directed my assistant to pay the same to the execution clerk, to be repaid to the defendant, which he has done."

By § 12 of Act of March 31st 1860, referred to in respondent's plea, it is provided:—

"If any justice, clerk, prothonotary, sheriff, coroner, constable or other officer of this Commonwealth shall wilfully and fraudulently receive or take any reward or fee to execute and do his duty and office, but such as is or shall be allowed by some Act of Assembly, or shall receive or take by color of his office any fee or reward whatever, not, or more than is allowed as aforesaid, he shall be deemed guilty of a misdemeanor, and on conviction be sentenced to pay a fine not exceeding $500, or to undergo an imprisonment not exceeding one year."

The Court of Common Pleas (Paxson, J.) made this decree:—

"And now, December 2d 1871, it is ordered, that the pleas filed or presented by the respondent, William R. Leeds, High Sheriff of the county of Philadelphia, to the petition and complaint of John G. Williams, be overruled, and the answer dismissed for insufficiency as to the matter therein contained. And it is further

ordered, that the rule granted upon the sheriff be made absolute; and he is commanded to forthwith dismiss from his office of deputy sheriff, the said William H. Mooney, and not to re-appoint him during the said William R. Leeds's term of office."

Leeds appealed to the Supreme Court and assigned the decree for error.

*D. W. Sellers* and *C. Gilpin*, for appellant.—Where, for the same offence, there are different punishments by several statutes, the latter act is held to operate as a repeal of the first : U. S. *v.* Tynen, 11 Wallace S. C. 93.

*J. J. Ridgway, Jr.*, for appellee.—The act says " any deputy sheriff who shall take, demand or receive illegal fees shall be dismissed." Taking illegal fees by deputy, is taking them by principal. The deputy here admits the receipt, which brings him within the law : Deal *v.* Tower, 1 Phil. R. 268 ; Miles *v.* Huber, 3 Penna. L. J. 151 ; Patton's Est., 2 Parsons 107 ; Bussier *v.* Pray, 7 S. & R. 447.

The law does not favor repeals by implication, and courts should be scrupulous how they give sanction to them : Haynes *v.* Jenks, 2 Pick. 176 ; Brown *v.* Miller, 4 J. J. Marshall 474. Nor does a statute, repealing all former acts within its purview, repeal the provisions of former laws, as to cases not provided for by the repealing statute : Payne *v.* Conner, 3 Bibb 180.

The opinion of the court was delivered, January 17th 1874, by

AGNEW, C. J.—This is not a criminal proceeding against the sheriff for an offence, but is in the nature of a civil remedy to compel the discharge of a deputy who has been guilty of taking unlawful fees. The Act of March 31st 1843, § 2, is a wise and salutary law to protect the people against official misconduct by purifying the office and requiring the discharge of unworthy assistants. The sheriff being a public officer under the control of law, accepts his office under this and other laws which define his duties and declare his disabilities. He cannot, and ought not to be permitted to keep in his employment persons known to be guilty of illegal practices in the execution of process.

The relation between the sheriff and his deputy is civil and of known legal character, and it does not admit of a doubt that he may discharge a deputy who abuses his position by extortion. The statement of the deputy, annexed to the sheriff's answer, is an admission of the facts, as well as evidence of the necessity and the propriety of the remedy provided in the Act of 1853. He admits that he is in an employment for which he is to receive no payment from the sheriff, and obtains no compensation, except as he extracts it by extortion from the defendants in the execution. He

[Leeds's Appeal.]

puts it on the ground that a defendant may purchase an indulgence from the execution of official duty, which does not harm the plaintiff. But if such a practice can be tolerated, it depends only on what price a defendant is willing to pay, whether the plaintiff may be injured or not. The practice leads to all manner of injustice, and wrongs both parties, the plaintiff in some cases being fraudulently postponed through bribery, and the defendant in others being fraudulently fleeced by extortion, as in this case. A bad feature of the practice is, that it inculpates the sheriff himself. His deputies cannot live upon air, and yet he employs them; takes all the legal fees, pays them nothing, and leaves them necessarily to prey upon the parties, and maintain themselves by fraudulent and illegal practices. It is the duty of all courts, and all honest men, to set their faces against such public wrongs as these.

The Act of 1843 is not unconstitutional, but on the contrary, is in furtherance of that clause in the bill of rights which requires justice to be administered without sale, denial or delay. It is incompatible with no subsequent law brought to our attention, and has not been repealed. It is a salutary protection of the citizens against official injustice, and has been righteously administered by the court below. Moreover, there is no appeal given on the merits, which would enable us to reverse on the merits, if they were not as they are.

The appeal is therefore quashed, and the costs ordered to be paid by the defendant below.